UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LANDRUS ARNOLD** | **CIVIL ACTION NO. 2:11-cv-495** |
| **LA. DOC #346804** | |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **THERESA SHEPARD, ET AL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Landrus Arnold on March 23, 2011. Doc. 1. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at Allen Correctional Center (ACC), Kinder, Louisiana. Plaintiff complains that he has received inadequate medical attention while at ACC.

Petitioner names the following as defendants herein: ACC Medical Director Theresa Shepard,; ACC Warden Terry Terrell; and, GEO, Inc., and its president, Wayne H. Calabrese. Doc. 1, p. 3.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**STATEMENT OF THE CASE**

Plaintiff states that he was injured on July 23, 2010, when a fan fell from his unit's ceiling onto his back. Doc. 1, att. 1, p. 1. He was sleeping at the time of the incident as it occurred between 3:30-4:00 a.m. *Id*. Plaintiff was in pain immediately following the incident and was taken to the infirmary. *Id*. He was examined by a nurse, who found only a surface

scratch on his back. *Id*. Plaintiff was given a bag of ice, two aspirins and a callout slip to return to the infirmary at 8:00 a.m. *Id*.

When petitioner arrived back at the infirmary, a nurse informed him that the x-ray machine was broken. *Id*. He was then seen by another nurse, who did not find any visible injuries on plaintiff's back. *Id*. The doctor then reviewed plaintiff's records and ordered a duty status from the nurses for two weeks and an x-ray. *Id*. The x-ray was taken when the machine was fixed and it was reviewed on July 29, 2010. Doc. 1, att. 2, p. 4. The results showed a slight compression of T12, age indeterminate, and mild degenerative spurring. *Id*.

Documents filed by plaintiff state that he made repeated sick calls and was transported to Huey P. Long Hospital on September 29, 2010, for an MRI. *Id*. Plaintiff was diagnosed with Sciatica, prescribed Naproxen, 500 mg for 30 days, and was issued a restricted duty status. *Id.* Attachments to plaintiff's complaint also show that beginning on December 1, 2010, he was issued a no duty status and a no sports/recreation status. Doc. 1, att. 1, p. 23. This status was issued for six months. *Id*.

As a result of the above, plaintiff claims that his medical needs have not been met. He complains that he had to go back to his room in pain after being seen immediately following the incident. Doc. 1, att. 1, p. 1. He also states that he should have been sent to an outside hospital for an x-ray as the one at the prison was broken when the incident occurred. *Id.*

As relief for the above, plaintiff seeks damages for pain and suffering; compensatory damages; penalties to be assessed against the responsible parties for negligence in not properly attaching the fan to the ceiling; and, to have the GEO prison and the ACC medical department investigated. Doc. 1, p. 4.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 6. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II. Supervisor Liability

Plaintiff names ACC Medical Director Theresa Shepard, Warden Terry Terrell, GEO, Inc., and its president, Wayne H. Calabrese as his defendants herein. Doc. 1, p. 3. To the extent that he names these defendants in a supervisory capacity, such claim is not cognizable as it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Jennings v. Joshua Indep. Sch. Dist.,* 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935 (1990).

To be liable under § 1983, supervisory officials must be personally involved in the act

causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Here, Plaintiff fails to set forth a constitutional claim against these parties. There are no allegations that they were personally implicated in any alleged constitutional deprivation or that they implemented any policy which acts as a constitutional deprivation. Thus, these claims should be dismissed for failure to state a claim upon which relief may be granted.

### III. 42 U.S.C. § 1983

#### a. Generally

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983.

In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should

therefore be dismissed with prejudice.

      b.      Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County Texas*, 245 F.3d 447, 458-59 (5th Cir. 2007). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). In *Woodall v. Foti*, 648 F.2d. 268, 272

(5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.

The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321; *see also Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra*.

In the instant case, the information contained in plaintiff's complaint shows that plaintiff received substantial medical treatment, including doctors' visits, medication, x-rays, an MRI, and no duty status for over six months. Plaintiff's allegations, at most, state a disagreement between himself and the medical staff regarding the procedures to treat his medical problems.

As previously stated claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. *See Shaw v. Murphy*, 532 U.S. 223 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding plaintiff's treatment is best left to the prison officials. The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard..." for plaintiff's medical needs. The evidence before

the court simply does not support a finding of deliberate indifference.

Accordingly, this court finds that plaintiff's medical care claims should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Therefore, IT IS RECOMMENDED that plaintiff's civil rights complaint be DENIED AND DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 4th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE