RECEIVED
IN LAKE CHARLES, LA.

MAR -8 2012

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LANDRUS ARNOLD** | : | DOCKET NO. 2:11 CV 495 |
| VS. | : | JUDGE MINALDI |
| **THERESA SHEPARD, ET AL.** | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is the magistrate judge's Report and Recommendation that the plaintiff's civil rights complaint be dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) [Doc. 9].

### FACTS

The plaintiff, Landrus Arnold, is a Louisiana state prisoner currently incarcerated at Allen Correctional Center ("ACC") in Kinder, Louisiana. He alleges that a fifty-pound overhead fan fell on his back while he was sleeping in his cell on July 23, 2010.[1] He was taken to the infirmary immediately following the incident, where he was examined by a nurse who found only a surface scratch on his back.[2] The nurse gave Mr. Arnold a bag of ice and two aspirin and instructed to him return to the infirmary the next morning.[3]

Upon returning to the infirmary, Mr. Arnold was informed that the x-ray machine was broken.[4] Six days later, the machine was fixed, and an x-ray was taken.[5] The results showed a

---

[1] First Am. Compl. ¶¶ 2-3 [Doc. 12].

[2] *Id.* ¶ 4-5.

[3] *Id.* ¶ 6.

[4] *Id.* ¶ 7.

1

slight compression of T12, age indeterminate, and mild degenerative spurring.[6]

Thereafter, Mr. Arnold made repeated sick calls and was transported to Huey P. Long Hospital on September 29, 2010 for an MRI.[7] He was diagnosed with sciatica, was prescribed Naproxen, and was issued a restricted duty status.[8]

On March 23, 2011, Mr. Arnold filed this *pro se* civil rights complaint against ACC Medical Director Theresa Shepard, ACC Warden Terry Terrell, and Wayne H. Calabrese, the president of ACC's operator, GEO Group, Inc.[9] In his initial complaint, he claimed that he was denied adequate medical treatment following the incident.

On October 4, 2010, the magistrate judge recommended that the complaint be dismissed with prejudice because Mr. Arnold's allegations did not support a finding that the defendants acted with deliberate indifference in denying him medical care. Mr. Arnold then amended his complaint to add a claim that the defendants had violated Eighth Amendment's prohibition on cruel and unusual punishment by subjecting him to unreasonably dangerous living conditions. His amended complaint also asserts claims under state tort law.

## ANALYSIS

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or

---

[5] *Id.* ¶ 10.

[6] *Id.* ¶ 11.

[7] Compl. Ex. 1 p. 4, First Step Response Form [Doc. 1-1].

[8] *Id.*

[9] Compl. at 4 [Doc. 5].

2

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce,* 2 F.3d 114, 115 (5th Cir.1993). A complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Clay v. Allen*, 242 F.3d 679, 680 (5th Cir. 2001). In determining whether acomplaint is frivolous or fails to state a claim, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

The court concurs with the magistrate judge's finding that Mr. Arnold has failed to state a claim for inadequate medical care. A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove that the defendants acted with deliberate indifference to a serious medical need. *See Wilson v. Seiter*, 501 U.S. 294 (1991). Mr. Arnold alleges in his complaint that he received substantial medical treatment, including doctor's visits, x-rays, medication, and an MRI. Nothing in his complaint suggests that the defendants acted with deliberate indifference in denying him medical treatment. Accordingly, Mr. Arnold's claims for inadequate medical care will be dismissed.

However, the magistrate judge did not address Mr. Arnold's claim that his Eighth Amendment rights were violated by the unreasonably dangerous condition of his cell, nor did she address his related state tort law claims. The Eighth Amendment's prohibition against cruel and unusual punishment requires that prisoners be afforded humane conditions of confinement. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). "It is cruel and unusual punishment to hold convicted criminals in unsafe conditions." *Helling v. McKinney,* 509 U.S. 25, 33 (1993). Dangerous prison conditions violate

the Eighth Amendment if "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.* at 36.

In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish (1) that the deprivation alleged resulted in the denial of "the minimal civilized measure of life's necessities"; and (2) that the prison official acted with deliberate indifference to inmate health or safety. *Id.* Deliberate indifference is established by showing that prison officials knew of a condition posing an excessive risk to prisoner health or safety and consciously chose to disregard it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Mr. Arnold's amended complaint alleges that the defendants failed to adequately secure a fifty-pound metal ceiling fan above his bed, causing the fan to fall on him while he was sleeping.[10] He further alleges that "prison officials knew that the machine was defective, but still made [him] sleep under it."[11]

Mr. Arnold's allegations, taken as true, state a plausible claim for deliberate indifference. The presence of an inadequately secured fifty-pound ceiling fan above an inmate's bed poses an unreasonable risk to the inmate's safety, and the defendants' knowing failure to address that risk could constitute deliberate indifference. The court therefore finds that the plaintiff's Eighth Amendment conditions of confinement claims are sufficient to survive screening under 28 U.S.C. § 1915(e)(2) and 1915A(b), as are his related state tort law claims. Mr. Arnold is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and

---

[10] First Am. Compl. ¶¶ 2, 15.

[11] *Id.* ¶ 9.

not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Lake Charles, Louisiana, this ___8___ day of ___March___ 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE