UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


LANDRUS ARNOLD                    :          CIVIL ACTION NO. 2:11-cv-495

VERSUS                            :          JUDGE MINDALDI

THERESA SHEPARD, ET AL            :          MAGISTRATE JUDGE KAY


REPORT AND RECOMMENDATION


Before the court is the motion for summary judgment on behalf of defendant, Terry Terrell.  Doc. 34.  For the reasons stated herein, IT IS RECOMMENDED that the motion be GRANTED.

**A. Background**

Plaintiff is an inmate at Allen Correctional Center ("ACC").  He complains of an incident wherein he alleges that a ceiling fan in his unit fell onto his back while he was sleeping in his bunk bed.  He maintains that he informed at least two staff members on two separate occasions that the safety of the ceiling fan was suspect—it was visibly wobbling, and the safety chain was detached from the ceiling tiles.  Plaintiff seeks relief pursuant to the 28 U.S.C. § 1983 and under Article 2317.1 of the Louisiana Civil Code.  Doc. 43, att. 2 (second amended complaint).

Defendant Terry Terrell, the warden of ACC, now moves for summary judgment on the ground there is no issue of material fact as plaintiff lacks any evidence in support of certain elements of his claims for relief.  The undersigned will address each claim for relief in turn.

**B.  Summary Judgment Standard:**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial.  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).  The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden.  *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial."  *Id.* (quoting *Celotex*, 477 U.S. at 323).  In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . . ."  *Id.*

**C.  Section 1983 Cause of Action:**

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution or laws of the United States.  42 U.S.C. § 1983.  Plaintiff alleges that defendants inflicted "cruel and unusual punishment" in violation of his rights guaranteed by the Eighth Amendment to the Constitution.

Plaintiff alleges that defendants subjected him to an unconstitutional "condition of confinement."  As such, plaintiff must satisfy an objective component as well as a subjective component.

The objective component requires plaintiff to show that the deprivation alleged is "sufficiently serious."  In the "condition of confinement" context, "a prison official's act or omission must result in the denial of 'the minimal civilized measures of life's necessities,'" which includes "adequate . . . shelter[.]"  *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Ultimately, the act or omission must pose "an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.

The subjective component requires plaintiff to show that prison officials acted with "deliberate indifference" towards plaintiff's health or safety.  *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (quoting *LaFaut v. Smith*, 834 F.2d 389, 391–92 (4th Cir. 1987)).  The deliberate indifference is satisfied by showing that officials "(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed."  *Bradley v. Puckett*, 157 F.3d 1022 (5th Cir. 1998); *see also Farmer*, 511 U.S. at 837.

Supervisory officials may not be held vicariously liable under section 1983.  *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992).  They either must be personally involved in the act causing the alleged constitutional deprivation or have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Defendant Terrell contends that plaintiff has no evidence in support of the subjective component of a deliberate indifference claim, and the undersigned agrees.  Plaintiff cannot show

that Terrell was personally involved in causing the alleged constitutional deprivation nor can he show that Terrell implemented a constitutionally deficient policy.

Plaintiff avers that he informed a "Lieutenant Lee" and a classification officer for the unit that he feared for his safety because of the condition of the fan but there is no indication that such knowledge was passed on to the Warden Terrell.  Doc. 45, p. 6.  There is no evidence before the court to indicate that Warden Terrell was aware of the facts that the potential for harm existed or that he actually drew that inference.

Plaintiff alleges that Warden Terrell instituted a constitutionally deficient policy insofar as it permitted bunk transfers only for disciplinary reasons.  Even assuming that plaintiff correctly articulates the policy of ACC regarding bunk transfers, there is no evidence to satisfy the deliberate indifference standard.  Plaintiff has not put forward any evidence that indicates that Warden Terrell was aware of any facts that the policy subjected inmates to substantial risks, nor has he put forward any evidence that the Warden Terrell actually drew such inference regarding the deficiency of such a policy.

**D.  State Law Cause of Action**

Plaintiff has also asserted a state law cause of action in addition to the federal civil rights claim.  Article 2317.1 of the Louisiana Civil Code provides, in pertinent part, the following:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Defendant Terrell argues in the present motion that plaintiff cannot satisfy at least two requirements of the code article.[1]  One, he cannot demonstrate that Terrell was the owner or custodian of the ceiling fan.  Two, he cannot show that Terrell knew or should have known of the risk of harm posed by the ceiling fan.  The undersigned will address each argument in turn.

Warden Terrell is clearly not the owner of ACC or the ceiling fan.  The question remains, however, whether he is its "custodian."

The Louisiana Supreme Court has articulated a two-part test to determine whether an individual is a custodian.  First, the defendant should have the right of direction or control over the thing.  Second, a court must examine what benefit, if any, the individual derived from the thing. *Doughty v. Insured Lloyds Ins. Co.*, 576 So.2d 461, 464 (La. 1991); *King v. Louviere*, 543 So.2d 1327, 1329 (La. 1989).

Defendant Terrell maintains that he is neither the owner nor the custodian.  "Rather, ACC is a prison facility owned by the State of Louisiana maintained by GEO."  Doc. 34, att. 2, p. 5, n.2 (citing Doc. 34, att. 3 (affidavit of Ed Shirley)).  In his opposition to the motion, plaintiff avers that it is reasonable to infer that Terrell is the custodian because he is the warden of the facility.

Plaintiff has not satisfied its burden of demonstrating that there is any question of material fact with respect to custody of the facility.  Plaintiff has not cited any jurisprudence in support of his argument that the warden of a prison is the "custodian" of the facility within the meaning of the Louisiana Civil Code.

Plaintiff seeks to impose liability on the warden solely because of his title, but as the Louisiana Supreme Court made clear in *Canter v. Koehring Co.*, an employee that has been

---

[1] For the purposes of this motion only, the court assumes that plaintiff is able to satisfy most of the elements of the statute.  *See* Doc. 45, p. 6.

delegated certain delegated certain responsibilities cannot be held personally liable because of their general administrative responsibilities.  283 So.2d 716, 721 (1973).  By extension, an employee does not become a custodian merely because the employee has been delegated an administrative function.

Ultimately, Warden Terrell is an employee of the facility, and there is nothing in the record that indicates that he derives any benefit from the thing beyond employment income.  As such, the undersigned concludes that there is no issue of material fact with respect to whether Terrell is the custodian of ACC within the meaning of the Louisiana Civil Code.

Even if defendant Terrell is a custodian, summary judgment is still appropriate because plaintiff has not put forward any evidence that Terrell knew or should have known of the ruin, vice, or defect of the ceiling fan.

Defendant Terrell has submitted an affidavit of support of the motion.  He avers that he did not have any personal knowledge that the ceiling fan presented a hazard.  He further avers that he had not personally received any complaints about the condition of the fan prior to the incident such that he would have constructive notice.  Doc. 34, att. 3, pp. 1–2.

Plaintiff has not attempted to controvert the averments in Terrell's affidavit.  He reiterates that he informed at least two other employees of the risk posed by the ceiling fan.  Doc. 45, p. 6. There is no evidence, however, that the representations plaintiff made to these two individuals imparted knowledge—actual or constructive—upon defendant Terrell.  As such, the undersigned concludes that there is no issue of material fact with respect to the knowledge provision of Article 2317.1.

### E.  Recommendation

For the reasons stated herein, IT IS RECOMMENDED that the motion be GRANTED, dismissing defendant Terry Terrell from the suit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 6th day of May, 2013.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE